In the Matter of Peter L. **BENJAMIN.**

No. 45S00–0009–DI–524.

Supreme Court of Indiana.

Oct. 22, 2001.

### ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING

The respondent, Peter L. Benjamin, has tendered to this Court his resignation from the bar of this State, pursuant to Ind. Admission and Discipline Rule 23, Section 17.

Indiana Admission and Discipline Rule 23(17) states that an affidavit of resignation must provide that:

- The respondent's consent is freely and voluntarily rendered;
- He is not being subjected to coercion or duress;
- He is fully aware of the implications of submitting his consent;
- He is aware that there is a presently pending investigation into, or proceed-

ing involving, allegations that there exist grounds for his discipline;

- He acknowledges that the material facts so alleged are true; and

- He submits his resignation or consent because the respondent knows that if charges were predicated upon the matters under investigation, or if the proceeding were prosecuted, he could not successfully defend himself.

Accordingly, by submission of his affidavit, the respondent acknowledges that the material facts alleged in the Commission's *Amended Verified Complaint for Disciplinary Action* are true. These include:

- The respondent, without authorization, converted clients' funds to uses unrelated to the clients, commingled his own funds with those of clients, failed promptly to deliver funds to clients who were entitled to receive them, and failed to designate his trust account for overdraft reporting with his bank.

- The respondent falsely told a client that he could not release to him funds he held in trust for the client, when in fact the respondent's trust account no longer held the funds because the respondent had, without authorization, converted to the funds to uses unrelated to the client.

- The respondent received full credit for continuing legal education seminars when he was not entitled to full credit for them.

- The respondent knowingly presented to the Disciplinary Commission, in response to the Commission's demand for a response to a grievance filed against the respondent, an affidavit which contained statements that the respondent knew were false.

- In response to a Disciplinary Commission subpoena asking for "originals of any and all appointment and scheduling calendars used [by the respon-

dent] or for [the respondent's] law office and staff for the period December 1, 1998 to December 31, 1998," the respondent failed to disclose the existence of one particular calendar and failed to disclose that a computer-generated calendar which he did produce was not in existence in December 1998.

This Court, being duly advised, now finds that the tendered resignation satisfies the requirements of Admis.Disc.R. 23(17), and that, accordingly, it should be accepted.

IT IS, THEREFORE, ORDERED that the resignation from the bar of this state tendered by the respondent, Peter L. Benjamin, is hereby accepted. Accordingly, the Clerk of this Court is directed to strike his name from the Roll of Attorneys. In order to be readmitted, he must comply with the reinstatement provisions contained in Admis.Disc.R. 23(4).

IT IS FURTHER ORDERED that, by virtue of the respondent's resignation from the bar of this state, all attorney disciplinary proceedings pending against him are hereby dismissed as moot.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d).

All Justices concur.